*By the Court,

Nelson, C. J.
I am of opinion the learned judge erred in his construction of the deed. It is true, looking simply at the lines and bounds given in the deed, there might be some difficulty in determining on which side of the line running easterly the premises lie, whether north or south; but taking them in connection with the preceding part of the description, to wit: “ all the right and title of the said =7. S. Bygert in and to a certain lot of land situate, lying and being on the south side of the Atsquago creek,” the designation seems to me sufficiently certain. It is conceded the premises, in fact, lie adjoining the creek south within the boundaries given; and for aught that appears, the plaintiff owned but one parcel in any way connected with these localities. No ambiguity or confusion existed by proof of any other parcel to which the description might relate. The plaintiff owned but one lot; and in respect to it, every line and locality mentioned in the deed went to designate it. Witnesses familiar with the objects described could have no difficulty in the location on reading the whole description ; indeed, Failing, the only witness called readily recognized the premises from reading the deed. *309 Certainty, to a common intent, is all that is required ; and if there be a certain number of particulars given, sufficient to designate the thing intended to be granted, the grant will be effectual, though there may be others, false and mistaken, 6 Cowen, 281. It should also be as favorably construed for the grantee as is consistent with the rules of law, ut res magis valeat, quam pereat. Now, here we have in the description : 1. A lot belonging to J. S. Dygert lying south of the Atsquago creek. 2. Boundaries beginning at a known point on that creek. 3. A line or lines running from thence by natural and intelligible bounds to an adjoining farm situate east, with the evidence that Dygert’s lot lies between these lines and the creek. Looking at the map annexed to the case, in connection with the description in the deed, I think, there can be no reasonable doubt as to the sufficiency of the description, within well settled rules of construction.
New trial granted.