## GARNER v. POMROY.

1. TRIAL DE NOVO IN CHANCERY. A chancery cause will not be tried *de novo* in the Supreme Court when the record does not embrace all the pleadings and evidence considered by the District Court.
2. SAME: PRESUMPTIONS. Where the evidence which was considered by the District Court is not embraced in the record brought to the Supreme Court on an appeal of a chancery cause, all presumptions are in favor of the findings of the court below.

*Appeal from Wapello District Court.*

SATURDAY, OCTOBER 6.

*G. G. Wright* for the appellant.

*C. C. Nourse* for the appellee.

BALDWIN J.[1]—The complainant seeks to foreclose the equity of defendant in certain real estate, under the provisions of sections 2094–95 of the Code. In his petition he alleges that he sold to defendant certain real estate, and gave him a bond for a deed therefor, and that defendant executed to him his note, for the balance due upon the purchase money. It is also averred by plaintiff that there was a mistake in said note in reference to the rate of interest it was to draw. That whilst in the note there is no rate fixed, yet it was agreed that it should bear ten per cent, and that in the bond given by plaintiff and accepted by the defendant, reference is made to said note as one bearing ten per cent. And the prayer is for a judgment for the amount due upon the note, computing the interest as specified in said bond, and the foreclosure of the equities of defendant's interest in the property sold to him to satisfy said judgment.

The respondent in his answer denies any indebtedness to complainant, but does not specifically deny the allegation in the petition in reference to the mistake in said note, and the

---

1. WRIGHT, J. having been of counsel took no part in the determination of this case.

Garner v. Pomroy.

agreement to pay ten per cent interest. Upon a hearing of said cause, the District Court entered a decree as prayed for by complainant. The defendant appeals.

The evidence upon which the court found for the petitioner is not in the record now before us, and it is submitted by the appellant, that as this is strictly a proceeding in chancery, the cause must be tried by this court *de novo*, upon the record and evidence before us. And, as there is no such evidence in the record as will sustain the finding of the court below, that the bill of complainant should be dismissed. In order to give to the parties a hearing *de novo*, upon appeal in a chancery cause, all the pleadings and evidence considered by the District Court, should be before this court. Whose duty is it to produce such a record? The party complaining, or the party that is satisfied with the decision of of the District Court?

The decree was against the appellant and it shows upon its face that it must have been rendered upon a certain state of facts established by the plaintiff. And if appellant is not satisfied with such finding, he should have brought before us all the evidence upon which such decree was rendered. We see no reason why the same presumptions should not obtain in favor of the findings and rulings of the District Court in chancery proceedings, as in actions at law. Unless the contrary appear it will be presumed that the decree was authorized by the evidence, *Hamilton* v. *Walters*, 3 G. Greene 558; *Harrison* v. *Kramer et al.*, 3 Iowa 543; *Campbell* v. *Ayres*, 6 Ib. 341.[1] If the rule, as claimed by the appellant, should prevail, and the appellee in every chancery case is bound to follow his cause to this court, and produce, at his own expense, a transcript of all the evidence introduced in the court below, or his cause will be dismissed. We think this would be inequitable.

In the second place it is claimed by the appellant that the

---

[1] *Humphreys* v. *Darlington*, 3 G. Greene 588.

judgment is excessive, and that the court, in rendering such judgment, must have allowed ten per cent interest upon the note, whereas there should have been allowed but six per cent. The defendant does not specifically deny the allegation in plaintiff's petition in relation to the mistake in the note. And whether the court regarded it as admitted by the pleadings, or whether this allegation was fully supported by the evidence, does not appear. We have enough before us to justify us in supposing that it acted correctly in allowing the complainant to recover ten per cent. interest until the contrary appears. Computing the interest, however, at ten per cent, we find the judgment for a greater sum by $5,11, than the complainant was entitled to.

The judgment of the District Court is affirmed, less the sum of $5,11, at the cost of the appellee.