## BLAKE V. BLAKE.

1. DECREE: AMOUNT. Where a petition in equity prayed judgment for the amount *then due*, and no supplemental petition or further prayer was filed, it was held that the court erred in rendering a judgment for a sum which included installments which became due after the commencement of the suit.
2. APPEALS IN CHANCERY CAUSES. Chancery causes are tried on appeal, in the Supreme Court, *de novo*.
3. COSTS: ATTORNEY'S FEES. Attorney's fees cannot, in any case, be taxed to the losing party. An act to repeal part of Sec. 845 of Chapter 31, of the Code of Civil Practice, Special Laws of the Eighth General Assembly, (Revision 1860, page 627.)

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 9.

THE facts are stated in the opinion of the court.

*Wilson, Utley & Doud,* for the appellants, contended :

I. That the calculations of the commissioner in finding the amount due were erroneous; 2. That the installments which matured after the commencement of the action should not have been included; 3. That the sums paid to plaintiff's agent, his authority never having been revoked, should be charged to her; 4. That as plaintiff refused to receive the installments as they matured, she should not recover interest thereon; 5. That the referee should have found the facts, citing *Lambert* v. *Smith et al.*, 3 Calf. 408; 6. That the charge for attorney's fees should not have been allowed by the clerk; citing Special laws, Eighth General Assembly, p. 34.

*Samuels, Allison & Crane* for the appellee.

Exceptions to the final report of a master in chancery should be first taken in the District Court, in order to

bring the objection to the Supreme Court. *Blake* v. *Dorgan*, 1 G. Greene, 547; *Wilkes* v. *Rogers*, 6 John. R. 591; *Byington* v. *Wood*, 1 Paige, 145; *Methodist Episcopal Church* v. *Jaques*, 3 John. Ch. 79; *Jungk* v. *Jungk*, 5 Iowa, 543; *White* v. *Hampton*, 10 Id. 242.

BALDWIN, C. J.—The father of respondent was divorced from the complainant by a decree of the District Court of said county, and in the decree it was ordered that certain property owned by the said husband be subjected to the payment of a certain sum of money to the complainant, as alimony. This sum was to be paid quarterly during the lifetime of complainant, and in case of a failure to pay the same, the property was to be sold as under a decree of foreclosure, and the proceeds applied to the payment of the installments that had become due. The husband died, and the son, the respondent in this case, became the owner of this property, subject to this incumbrance. Upon the 28th day of January, 1859, the complainant filed her bill in equity, representing that the sum of four hundred dollars was then due under this decree, and prayed that the property therein described, be subjected to the payment of said sum.

A final decree was entered up in favor of the complainant on the 18th day of August, 1860, for the sum of $501-27—this being the sum reported by a master as due, up to the quarter ending December 8th, 1859—nearly eleven months after filing of said petition. The respondent appeals, and claims that the judgment is excessive.

The complainant asks for a judgment only for the sum of four hundred dollars. When the petition was filed, this was the full amount due. There was no prayer for a judgment, or a supplemental bill filed, asking for a foreclosure for the accruing installments, and equity will not furnish greater relief than is prayed for. See *Cooper* v. *Fredericks*, 4 G. Greene, p. 403. The court therefore erred in rendering

judgment upon the master's report, for the amount of the installments accruing after the bill was filed.

It is claimed by the counsel for appellee that this objection was not made in the court below, and cannot be raised for the first time in this court. If this was a case at law, this position would be a tenable one; this, however, is a proceeding in chancery, and it has been settled that the facts as well as the law of the case can be reädjudicated by the Supreme Court, in chancery causes. See *Pierson* v. *Wilson et al.*, 2 Iowa, 20. Appeals in chancery are heard in the supreme court *de novo*, the same as if it had original jurisdiction of the cause, regardless of the decision of the court below. *Austin & Spicer* v. *Carpenter*, 2 G. Greene, 131, 135.

Appellant further complains of the taxation of $10 attorney's fees as part of the costs of the case. In the special acts of the Eighth session of the General Assembly, page 34, it is provided that no attorney's fee shall in any case be taxed as costs against the losing party. See Note in Revision, page 627.

The decree of the district court is modified, and final judgment ordered to be entered in this court in favor of the complainant, for the sum of four hundred dollars, and a decree of foreclosure ordered as prayed for by complainant; no attorney's fees to be taxed as part of the costs of the case. As thus modified, the judgment is affirmed, at the cost of appellee.