The State v. Orwig.

THE STATE for the use, etc., v. ORWIG *et al.*

1. **Appeal:** IN CHANCERY CASE: PRACTICE. An appeal to the Supreme Court from a final decree in an equitable proceeding, triable by the first method of trying equitable causes, brings up the case for trial *de novo*, without regard to interlocutory rulings or decisions of the court below.

2. —— CERTIFICATION OF EVIDENCE. In order that the cause may be tried *de novo*, not only the pleadings and other papers in the case should be certified, but also the evidence, in its original form, upon which the case was submitted.

3. —— PRESUMPTION IN FAVOR OF COURT BELOW. If the evidence upon which the cause was decided is not all thus certified, the same presumption obtains in favor of the correctness of the rulings and decree of the court below, as in actions at law.

4. **Practice:** FAILURE TO EXCEPT. That a chancery cause, triable by the first method, was heard upon oral testimony is not sufficient ground for reversing the decree when no exceptions were taken to the form of evidence in the court below.

5. —— REFERENCE OF ACTIONS: TIME OF FILING REPORT. That the report of the referee to whom a chancery cause was referred was not filed until the term after the one to which by the order of reference he was required to report, is not a sufficient ground of reversal.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 9.

EQUITABLE proceeding to enforce a trust growing out of the conveyance of certain lands by Orwig and wife to B. F. Allen, trustee, to secure plaintiff on account of the unlawful appropriation of defendant Orwig, of certain moneys, the proceeds of certain swamp lands of the several counties for whose use this suit is brought, received by him while secretary of the governor. All

parties holding incumbrances upon the lands conveyed by the trust-deed, and others, are made defendants, the object of the suit being to settle the rights and liabilities of all holding an interest in the property, or in any way supposed to be liable on account of the transactions connected with the illegal appropriation of the swamp land money. Decree for plaintiff against Orwig and, wife, which also settles the rights and liabilities of all the defendants. Orwig and wife appeal.

*Phillips, Gatch & Phillips*, for the appellants.

*H. O'Connor*, for the appellees.

BECK, J. — This cause was before this court at the June Term, 1868, upon the appeal of defendant Orwig from an order of the District Court, referring the issues of law and fact. 24 Iowa, 102. The only question presented upon that appeal, and decided by the court, involved the right of the appellants to a trial by jury. It was determined that the case is one of purely equitable cognizance, and triable by the first method, as provided by the Revision, section 2999; that is, according to the chancery practice. The judgment of the District Court was therefore affirmed.

I. This appeal is from the final decree, the notice of appeal, however, specifying that the "several rulings, orders and decisions," as well as the final decree, are appealed from. The record before us is composed exclusively of the pleadings and other papers of the case, the report of the findings of the referee, and the record, enteries of the orders and final decree. No evidence of any kind, or in any form, accompanies this record. The appellants assign five errors, which relate to the ruling of the court upon motions to vacate, to set aside, and to confirm, the report of the referee, to the order of reference itself, and to the alleged

1. APPEAL: in chancery cases: practice.

fact that the cause was tried upon oral testimony according to the second method of trying equitable actions. It thus appears that appellants, while their appeal from the final decree is pending in this court, seek, on account of objections founded upon alleged erroneous interlocu-. tory orders, to reverse the final decree without a trial *de novo* upon the merits.

This cause being of equitable cognizance, triable by the first method, and the appeal being from the final decree, must be tried *de novo* in this court, regardless of the decision of the court below. Revision, §§ 2999, 3512. *Blake* v. *Blake*, 13 Iowa, 40 ; *Ticonic Bank* v. *Harvey*, 16 id. 141; *Robb* v. *Dougherty*, 14 id. 379 ; *Van Orman* v. *Spafford et al.*, 16 id. 186.

We are not called upon to determine, in the view we take of the case, whether the interlocutory orders, complained of as erroneous, are of such character that an appeal will lie therefrom, if taken at a proper time; but the question is, whether, when a final decree is appealed from, the case may be tried upon alleged errors in interlocutory proceedings, and not *de novo* upon the merits. We are clearly of the opinion that, upon such an appeal, the trial must be *de novo* upon the merits. This court having jurisdiction of the cause, to determine it upon the merits, without regard to the decision of the court below, cannot examine into the regularity of preliminary or interlocutory proceedings and orders of the District Court. The interlocutory orders may be erroneous, yet the final decree, in accordance with equity ; or these orders may be correct, and the final decree erroneous. An examination, therefore, of the questions growing out of these intermediate proceedings would avail nothing. For instance, the objections of defendant to the report of the referee, which were overruled, may have been well taken, and, therefore, ought to have been sustained ; yet, upon the

evidence, we might determine that the final decree was correct. These intermediate questions should not, therefore, be considered in this court, but our decision should be on both the law and the facts as they appear in the record. Rev. § 2999.

II. In order that the cause may be tried *de novo* upon the evidence, the law requires, not only the pleadings and 2. —— certifica- other papers in the case to be certified here, tion of evi- dence. but that the evidence also in its original form shall be before us. Rev. §§ 2999, 3512. *Garner* v. *Pomroy*, 11 Iowa, 149; *Cook* v. *Woodbury Co.*, 13 id. 21; *Van Orman* v. *Spafford et al.*, 16 id. 186; *Kellogg* v. *Kelsey et al.*, 16 id. 388; *Ford* v. *Vance*, 17 id. 94.

The record in this case does not pretend to contain any part of the evidence. But it is said that the evidence was oral, and could not, therefore, be certified. It appears that the referee caused all the evidence to be taken in writing, and reported the same, properly certified, to the District Court. The evidence was before the court in that form upon the rendition of the final decree. It is not before us. If it were not properly taken, and is not in proper form to be received upon the trial, these facts would be determined by us upon due inspection at the proper time. This cannot be done unless the evidence, in whatever shape it may be, is properly certified to this court. If it is not in proper form, or for any other reason could not be received, such fact would have resulted to the advantage of appellants if the case had been brought here for trial *de novo* on the merits.

III. It is the appellant's duty to have a perfect record, including the evidence, in this court. Having failed in 3. —— presump- this, the same presumption obtains in favor tion in favor of court below. of the correctness of the rulings and decree of the District Court, as in actions at law. *Garner* v.

*Pomroy*, 11 Iowa, 149; *Allison* v. *Halfacre*, id. 450; *Robb* v. *Dougherty*, 14 id. 381; *Anderson* v. *Easton & Son*, 16 id. 56.

For the foregoing reasons we are of the opinion that the judgment of the District Court must be affirmed.

IV. We have carefully considered the rulings and orders of the District Court, assigned as erroneous, and 4. PRACTICE: are of the opinion that the objections thereto, even failure to except. if we should determine the case thereon, could not be sustained. We have taken the pains to do this because appellants' counsel press so earnestly upon our attention these alleged errors, and claim that their clients' rights were prejudiced thereby. We will briefly notice the points made in their printed argument.

They insist that the cause was tried upon oral testimony. The facts upon this point we have above stated. Admitting all the positions of appellants, this objection could not be sustained. According to their view this case should be tried by us upon the errors assigned. Under the uniform decisions of this court we cannot review the rulings complained of, if no objection was taken thereto at the proper time in the court below. No objection was made by the appellants to the form of the evidence as introduced, either in the District Court or before the referee. We could not, therefore, consider the objection were the case, as claimed by appellants, in this court for trial upon questions of law.

The appellants object to the referee because, as they allege, he was interested in the result of the cause.

The referee was appointed August 13, 1866, and the objection was made June 20, 1867, after the case had been tried by him, though his report had not yet been filed.

No reason is shown why the objection was not made at an earlier day; it was not in time.

The State v. Orwig.

The order of reference required the report of the referee to be filed at the next term of the court. It was 5.—— reference of actions: time of filing. not filed until a subsequent term. The approval of the report when made necessarily waived any objection to the delay. The court could have extended the time for making the report; an approval of the report implied consent of the court to the delay. It will be remembered that the reference was not under the statute, but was made in the exercise of the chancery powers of the court. It is not attempted to be shown by appellants that they were at all prejudiced by the delay.

Relief was granted to one of the defendants, Byron Rice, against appellants. His cross-bill was filed after the cause was referred, and, it is alleged, no opportunity was given appellants to answer or contest the matters set up therein. The referee found in favor of Rice, and the court decreed accordingly. This is one of the errors complained of. Neither plaintiff nor the defendants who are before this court, except the appellants, complain of the relief thus granted to Rice. Rice is not before the court, the appellants having failed to serve him with notice of appeal. The action of the District Court in granting to him relief cannot therefore be reviewed.

The foregoing are all the errors presented in the argument of appellants' counsel. Were the case to be determined upon the points thus raised, in our opinion, the judgment of the District Court should be

Affirmed.