Miller, J.
1. Practice : of errors. I. The appellants have filed an assignment of errors, as in a case at law. This is unnecessary. The action being in equity, triable by the first method of equitable trials, it is heard de novo in this court, regardless of the decision of the court below. That is, we try the case upon the facts and the law apparent of record, the same as if this court had original jurisdiction. And, therefore, no assignment of errors is necessary. Rev. of 1860, §§ 2999, 3000, 3001; Blake v. Blake, 13 Iowa, 40; Ticonic Bank v. Harvey, 16 id. 141; Róbb v. Dougherty, 14 id. 379 ; Cooper v. Skeel et al., id. 578; Vannice v. Bergen, 16 id. 555 ; O’Conner v. O’Conner, 15 id. 303; Pierce v. Wilson et al., 2 id. 20; Austin & Spear v. Carpenter, 2 G. Greene, 131.
II. The question for our consideration in this case is, whether the facts stated in the answer of defendants, and confessed by the demurrer, entitle them to a decree in their favor.
former ad-failure to in-' terpose de~ fense. ' In pleading- the adjudication in the federal' court, the answer shows that the court had jurisdiction of the parties and of the subject-matter; that the action was between these plaintiffs and the defendants’ grantors; that the subject-matter oí that action was the title to the land in controversy in’this action — the same' subject-matter. The defendants in that action, which was an action to quiet the title to this same land, were duly served with process, appeared and filed their answers, and the cause was tried upon the merits. That the plaintiffs (defendants in that action) did not set up the matters alleged in their petition as defenses in that action is immaterial. That they could have done so there is no doubt, and it is not competent for them to relitigate matters which they *429 could have successfully set up in defense in that action. Dalter v. Lane & Guye, 13 Iowa, 538, 542.
3. — conveyanee in déspleading". III. The appellant in his argument insists that the judgment of a court can be set up as a prior adjudication only when it is shown that it determined the actual question at issue between the parties, and that there being a variance between the description of the land in the decree, rendered by the federal court, from that stated in the plaintiff’s petition, therefore the subject-matter is not shown to have been the same in the former action. It is a sufficient answer to this argument to say that the appellant’s demurrer did not make this question. The demurrer objected to the sufficiency of the decree pleaded, on the ground of uncertainty in the description of the land, but did not suggest that there was a variance in the description. Upon an examination of the record it appears to be beyond controversy that the land embraced in the decree rendered in the United States district court is substantially the same land described in the plaintiff’s petition in this action. .
As the record stands, and for the purposes of the demurrer, it must be taken as true that by the judgment and decree of the district court of the United States for the district of Iowa, the question of title to the land in controversy in this case has been determined as between the parties to the former action and their privies. The answer shows that the plaintiffs in this action were defendants in the former one, and that the defendants here are the grantees of the plaintiffs in the cause in the federal court. Such being the facts and the court being one of competent jurisdiction, the decree is, as a plea, a bar between-the parties to this action. Whittaker v. Johnson County, 12 Iowa, 595; and cases cited in the opinion of Wright, J".
It is also shown by the averments of the answer that Charles F. Harrow bought and paid for the land in dispute ; that to hinder, delay and defraud his creditors, and *430 the State Bank of Indiana particularly, it was agreed between Charles F. and Francis M. Harrow that the conveyance should be made to the latter; that it was so done; that the bank afterward obtained a judgment on its claim against said Charles F. Harrow; sold this same land thus fraudulently conveyed, to Augustus Hall and James B. Wilson, the grantors of the defendants.
These facts, if true, constitute a good defense in equity to the plaintiffs’ action.
The demurrer confesses them to be true, and on appeal we must so regard them.
3. judicial anee - sherilí deed. IY. The appellant insist, that the sheriff’s deed is void for uncertainty in the description. This objection would, perhaps, be good if defendants were suing at law ™ ejectment. But plaintiffs are asking a court of equity to quiet the title to this land in them, and the defendants aver facts, which, in equity, makes it their property; these facts the demurrer confesses. The plaintiffs admit that this very same land was levied on under the execution, issued upon the judgment of the Wapello district court, in favor of the State Bank of Indiana against Charles F. Harrow; that this very same land was sold by the sheriff to Hall and Wilson; but they endeavor to avoid the effect of this by pointing out a defect in the description of the land thus sold, in the sheriff’s deed, and, in egwity, to take advantage of such defective description. There is no equitable principle upon which they can be permitted to do this.
Glenn et al. v. Malony, 4 Iowa, 314, 320. See, also, Dygert v. Pletts, 25 Wend. 402; Lamb v. Buchmiller, 17 N. Y. 620.
The decree of the district court is affirmed.
Affirmed.