### Hicks v. Randolph, et al.

SURETYSHIP. The general rule that a contract void as to the principal, is void also as to the surety, does not apply where a person, *sui juris,* guarantees the obligation of, or becomes surety for, a married woman, minor or other person incapable of contracting.

Cases cited: Moggs v. Ames, 4 Bing., 473; Keentel v. Newel, 7 Hill, 118; 17 Iowa, 534; Allen v. Berryhill, 27 Iowa, 531; 1 Am. R. 309; 2 Rich., 590; 1 Par. Notes and Bills, 244; Chitty on Con., 449.

#### FROM ROBERTSON.

Record cannot be found.

SNEED, J., delivered the opinion of the Court.

The facts agreed in this case, are, that the defendant, Nannie Moore, became surety on the promissory note of Mrs. Randolph, with a full knowledge that the latter was, at the time, a *feme covert;* and it is insisted that the said Nannie Moore is not bound, because as to the married woman, the contract is void, and the obligation of the surety falls with it. It is true, that such a contract as this, on the part of a married woman, is absolutely void, but it does not follow that the contract of one who signs the note as her surety is also void. On the contrary, the law holds it to be an independent and binding obligation, and recognizes such a case as a special exception to the ancient rule, that the discharge of a principal re-

leases a surety.    The case of *Maggs* v. *Ames*, 4 Bing. 470, does not sustain the plaintiff's position.    In that case the question was, whether the undertaking of the defendant was an original one, so as not to require it to be in writing.    The Court held that it was collateral, and should have been in writing.    But neither the counsel nor the Court supposed that the defendant would not have been bound, if the contract had been in writing.    *Keentel* v. *Newell*, 7 Hill, 118.    In that case A. executed a covenant, by which he undertook to become surety for the faithful performance of B's. covenant to pay rent, and it was held that A's. covenant was binding and valid, though the covenant of B. was void for coverture.    And so in *Jones* v. *Crosthwaite et al*, 17 Iowa, 393, it was held, upon full review, that the general rule, that a discharge of the principal releases the surety, does not apply where a person, *sui juris*, guarantees the obligation of, or becomes surety for, a married woman, minor, or other person incapable of contracting.    *Et vid.*    *Allen* v. *Berryhill*, 27 Iowa, 531; 1 Am. Rep., 309; 2 Rich., 590; 1 Pars. Notes and Bills, 214; Chitty Cont., 449.    We hold that the defendant, Nannie Moore, is bound by her obligation.    The Circuit Judge held otherwise.

Reverse the judgment and enter judgment here.