DOVE V. THE INDEPENDENT SCHOOL DISTRICT OF KEOKUK ET AL.

1. **Practice in the Supreme Court:** TRIAL. Equity cases alone are' triable *de novo* on appeal in the Supreme Court; in all others, the trial is confined to legal errors properly presented.

2. ———: MANDAMUS. A proceeding by mandamus is a law action, triable as nearly as may be like an ordinary action for the recovery of dam-. ages, and is not reviewable *de novo* in the Supreme Court.

3. **Practice:** VERDICT: FINDING OF COURT. A finding by the court is sustained by the same presumptions as the verdict of a jury.

4. **Public Schools:** EXCLUSION ON ACCOUNT OF COLOR. A pupil cannot legally be excluded from the public schools on account of color or descent, nor can he be compelled, if colored, to attend a separate school for colored children.

*Appeal from Lee Circuit Court.*

MONDAY, DECEMBER 13.

THIS action is brought to compel, by mandamus, the admission of the plaintiff—a colored boy—into one of the public schools of the city of Keokuk, which has been denied him by the defendants. On a trial before the court, without a jury, judgment was given for the plaintiff. Defendants appeals.

*Craig & Collier*, for appellants.

*Gibson Brown*, for appellee.

MILLER, CH. J.—At the request of the appellants in the Circuit Court, that court made a finding of facts with its conclusions of law thereon. The finding is as follows:

" 1. That said Charles H. Dove was on the 14th day of September, 1874, and now is a resident of the Torrence school district, sub-division of the city of Keokuk, Lee county, Iowa, entitled to the benefits and privileges of an education.

2. That said Charles H. Dove is a colored boy or boy of African descent.

3. That said Charles H. Dove, on the 14th day of September, 1874, made application to the principal of said school for examination and admission to said school, but was refused an examination by said principal and admission to such school, on account of his being a colored boy or a boy of partly African descent.

4. That had said Charles H. Dove, at the time of said application for admission, been a white boy he would have been examined by said principal and admitted to said school as a pupil or scholar.

5. That at the said time he made application for admission to said Torrence school, there were seventy-two seats in room No. 1 of Torrence school building in which pupils or scholars of third grade attend and only sixty-six scholars enrolled, that at the time there was room for said Charles H. Dove in said room No. 1.

6. That at said time when said Charles H. Dove was refused admission to said Torrence school, the principal thereof gave to him, said Charles H. Dove, a note addressed to the superintendent of the schools in Keokuk, in which was stated in substance that Charles H. Dove had made application for admission to said school, and he was referred to him, said superintendent as per instructions, that when said note was handed to said superintendent he said to him, said Charles H. Dove, that he could not be admitted to said Torrence school, but that he could go to the colored school on Concert street.

7. That said colored school is on Concert street, between eighth and ninth streets, at least ten blocks from the place of residence of said Charles H. Dove, while said Torrence school is within three block of his residence.

8. That since the application of said Charles H. Dove, on said 14th day of September, 1874, for admission to said school, other scholars have been admitted to said school in room No. 1.

9. That on the 26th day of October, 1874, the said Charles H. Dove made application again for admission to said Torrence school, but was refused admission. He was referred to

the superintendent who, on the 28th day of October, 1874, examined him and issued to him a certificate showing that he was competent to enter the third grade of the district schools of said city.

10. That at a meeting held by the board of directors on the 29th day of October, 1874, they took into consideration the application of said Charles H. Dove for admission to said Torrence school, and refused to admit him to such school, for the alleged reason that at that time there was no room for him in said room No. 1, but assigned him to said Concert street school, second room, third grade.

11. That Gibson Brown, attorney for said Charles H. Dove, at said meeting of the board of directors proposed that if they would admit said Dove to said Torrence school in room No. 1, when a vacancy should occur, he would not institute proceedings in mandamus against them, and that they declined to take any action with reference to such prosposition.

12. That since the 29th of October, 1874, four applications have been made by white children, for admission to said Torrence school in room No. 1, but they were not admitted.

13. That there is now room for said Charles H. Dove in said Torrence school building, room No. 1, in which pupils or scholars belonging to the third grade are taught, the grade to which said Charles H. Dove belongs."

Upon these facts the Circuit Court adjudged that the plaintiff was legally entitled to admission into said Torrence school, in room No. 1, in which scholars of the third grade are taught, and to which grade he belongs, and that having been refused admission to said school, ordered and adjudged that a writ of mandamus issue to compel the defendants forthwith to admit plaintiff to said school, and also adjudged that defendants pay the costs of the proceeding.

The principal ground on which appellants urge the reversal of the judgment of the court below is the alleged insuffi-

1. PRACTICE in the Supreme Court: trial. ciency of the evidence to sustain the findings of the court. It is argued by counsel for appellants

that when a cause is tried "by the court below on the facts, without a jury, the Supreme Court, having all the evidence before it, will look into the whole case, and render such decision as the court below should have rendered;" in other words that this court will, in such case, try the case *de novo* on the facts and the law. This is a very grave mistake. It is only in equity cases that the Supreme Court will try the cause anew on appeal. Code, section 2742; *Blake v. Blake,* 13 Iowa, 40. In all other cases the trial on appeal is upon legal errors duly presented. Ibid.

This is a law action. Code, section 3379. The proceedings are the same in all respects, as nearly as may be, as in an ordinary action for the recovery of damages. Ibid. It has frequently been held by this court that in the trial of an ordinary action at law when tried by the court without a jury, the same presumptions obtain in respect to the finding of the court as do in regard to the verdict of a jury. It has even been held that in an equity action *tried as a law action* in the court below, the same rule will prevail in this court, and the evidence will not, in such case, be reviewed here *de novo*. *Corbin v. Woodbine,* 33 Iowa, 297, 301; *Jones v. Clark,* 37 Id., 586; *Snowden v. Snowden,* 23 Id., 457; *Mallory v. Lascombe,* 31 Id., 269; *Lay v. Wissman,* 36 Id., 305.

Treating the finding of the court as the verdict of a jury we will not disturb it, unless clearly and manifestly unsupported by the evidence. *Mallory v. Lascombe, supra; Snyder v. Eldridge,* 31 Iowa, 129, and cases cited; *Snyder v. Nelson,* Id., 238; *Melhop v. Doane & Co.,* 36 Id., 630; *Frandsen v. The C., R. I. & P. R. Co.,* Id., 372; *Dunlavy v. Watson,* 38 Id., 398.

In this case we do not find that the findings of the court lack support in the evidence. On the contrary, we think them to be correct deductions from the evidence before the court. It is clear to our minds from this evidence that the real reason for the refusal to admit the plaintiff into the school in question was because of his color. That he was entitled to admission and would

*2. ——: mandamus.*

*4. PUBLIC schools: exclusion on account of color.*

have been admitted if he had been a white pupil, we think is satisfactorily shown by the evidence.

This case is substantially like the case of Smith, by his next friend, against this same defendant, (40 Iowa, 518,) where it was held, following *Clark v. The Board of Directors, etc.*, 24 Iowa, 266, that the directors of a school district may not exclude a pupil from school because of his color, or of being of African descent, nor can they require a pupil to attend a separate school for colored children, and that when a pupil had been refused for such reason, they may be compelled by mandamus to admit him.

The judgment of the court below will be

AFFIRMED.