JOHN OUSBY, Respondent, *v.* EDMUND G. JONES, Appellant.

Where the closing clause in the description in a deed sums up the intention of the parties as to the particular premises conveyed it has a controlling effect upon all the prior phrases used in the description.

(Argued April 17, 1878; decided May 21, 1878.)

THIS was an action of ejectment. Both parties claimed under a common source of title, *i. e.*, from one Gardner, and the question was as to the south bounds of the land formerly owned by Gardner. By the deed to him the south boundary of the land conveyed is designated as "land now or lately in the possession of Schuyler King." The description in the deed closed as follows: "The premises hereby intended to be conveyed being the east half part of the farm whereon Johnson Babcock, now deceased, formerly lived, in the town of Tully." The deed to said Babcock gave the south boundary as "a line 160 rods from the north line of lot number 50 in Tully." This was the line as claimed by plaintiff. *Held*, that the last clause in the description must control, and that the intent was to convey simply the east half of the Johnson Babcock farm. The court further held that the facts did not show such an adverse possession in said Babcock, or such a practical location as changed the boundary line as given by his deed.

*Wm. C. Ruger* and *Wm. C. Goodelle* for appellant.

*F. Hiscock* for respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.