ELLSWORTH v. GREEN, ET AL.

1. **Tax Sale: REDEMPTION: ERROR OF TRESASURER.** Where the owner of a certificate of purchase of land at tax sale filed in the county treasure's office, on the 27th day of November, an affidavit of notice to the owner of the land of the expiration of the time of redemption, but the entry on the tax sale register showed that such affidavit was filed on the 29th day of November, *held* that the owner, in the absence of anything to put him on inquiry as to the true date of filing, was justified in relying upon the entry in the register, and was entitled to redeem the land within ninety days from the 29th day of November.

*Appeal from Wright District Court.*

FRIDAY, OCTOBER 20.

THIS is an action of *mandamus* to compel the auditor of Wright county to cancel the redemption of certain described lands, and to compel the treasurer of said county to excute to plaintiff a tax deed therefor. The cause was tried to the court and judgment was entered for the defendants. The plaintiff appeals. The material facts are stated in the opinion.

*Nagle & Weber,* for appellant.

*W. S. R. Humphrey,* for appellee.

DAY, J.—Although the appellant states that the plaintiff filed his petition in equity, yet the form of the action and the relief demanded show that the action is at law. Code, § 3379; *Dove v. Independent School District of Keokuk,* 41 Iowa, 689. The case discloses the following facts:

"The plaintiff is the owner of a certificate of purchase for forty acres of land, sold on the second day of October, 1876, for the delinquent tax of 1875. He caused notice of the expiration of the period of redemption to C. O. Green, and the unknown owners of said land, to be published for three consecutive weeks, the last publication being November 26th, 1879. On the 27th day of November, the plaintiff handed

thirty-five affidavits of proof of publication, including an affidavit as to the lands in question, to L. P. Davis, who was acting as assistant county treasurer, but not deputized in writing. On twenty-three of these affidavits, including the one made in this case, Davis marked in pencil "filed November 27th 1879." One is marked "filed November, 1879." One is marked "filed November 29, 1879." Ten are not marked at all.

At the time of receiving the affidavits Davis made an entry on the tax sale register showing the date of the expiration of the period of redemption. This entry, at the time of the trial, looked as though it might have been either 27 or 29, or changed from one to the other.

On the 29th day of November, Parker, the treasurer, fastened all the affidavits together, and marked the outside one "Filed November 29, 1879. H. Parker, treasurer." The agent of C. O. Green testifies that he examined the register in January, 1880; that the date was 29, and that it did not look then as at the time of the trial. He further testified that he spoke to Parker about redemption, and Parker said the proof was filed November 29th. On the 26th day of February, 1880, the agent of C. O. Green redeemed the land from tax-sale. Mr. Humphrey, who assisted the auditor and made up the figures from which the redemption was made, examined the sale register, and was unable to tell whether it was 27 or 29. He then called for the affidavit which plaintiff had filed, and was handed the package marked "filed November 29, 1879, H. Parker, treasurer." He computed the time from the date of filing, and finding that ninety days had not expired allowed the redemption. If the time for redemption dates from the 27th of November, it expired on the 25th of February. The owner of the land was certainly justified, it seems to us, in relying upon the records in the treasurer's office, in making redemption.

There was evidence from which the court was justified in finding that the tax-sale register showed, when examined by

the agent of the owner, before making redemption, that the affidavit required by the statute was filed November 29th, 1879, and that there was then no such ambiguity in the date as to put him upon further inquiry. This case is not reviewable *de novo*, but the finding of the court stands as the verdict of a jury.

The court did not err in refusing to order the setting aside of the redemption, and the execution of a treasurer's deed.

AFFIRMED.