EDWIN W. BUTLER, Respondent, v. GARRETT D. CLARK, Individually and as Administrator of SARAH CLARK Deceased, and Others, Appellants, Impleaded with Others, Defendants.

*Sheriff's deed — action to reform it — who are necessary parties.*

Sarah Clark, wife of Garrett D. Clark, recovered, in September, 1879, a judgment against her son Edwin, against whom Johanna Donovan also recovered a judgment in 1883. In 1885 Sarah Clark died, leaving her surviving her son and a grand-daughter and her husband, who was appointed her administrator. In 1887 the sheriff of New York, Hugh J. Grant, sold, under the Donovan judgment, the interest of Edwin Clark, inherited from his mother, in No. 216 West Forty-third street, and in March, 1889, there having been no redemption, conveyed the property to John H. Birch, the purchaser, by a deed, the description in which was erroneous, in that it described the premises as being 151 feet west from Seventh avenue, when, in fact, they were 181 feet west thereof; but the deed recited the street number correctly, and stated that they were the same premises of which Sarah Clark died seized.

In August, 1889, Birch conveyed the premises to Edwin W. Butler, by a correct description, and soon after, and while James Flack was sheriff, Butler brought an action to reform the deed of Grant by changing "fifty" to "eighty" in the description of the distance of the lot west from Seventh avenue, upon the trial of which action it was shown that Sarah Clark owned no other property in the street; that 151 feet west from the avenue was a point in the middle of lot No. 212, and that No. 216 had been so numbered since 1855.

In this action the plaintiff filed a supplemental complaint, in which he alleged that, although Mrs. Clark's judgment against her son ceased to be a lien upon real estate on September 18, 1889, yet that Sheriff Flack had, on October 23, 1889, sold, under that judgment, the son's interest in No. 216 West Forty-third street to Garrett D. Clark for a certain sum, which he had not paid, and it prayed that the completion of this sale be enjoined.

Upon an appeal from a judgment in favor of the plaintiff:

*Held,* that the judgment was proper.

That it was plain that Sheriff Grant intended to sell, and did sell, No. 216 West Forty-third street.

That common certainty was all that was required, in the description of real property, upon a sheriff's sale under execution.

That it was not necessary that Sheriff Grant should be a party to the action as no new deed was asked, but merely that a clerical error in an existing deed be corrected.

That Sheriff Flack was a proper party, if for no other reason, because the plaintiff sought to have declared void his sale of the son's interest to Garrett D. Clark in October, 1889.

That Edwin Clark was a proper and necessary party, the main object of the action being to reform a deed executed upon a sale of his interest in the property.

That the court properly refused to dismiss the complaint, as against Garrett D. Clark, individually, because the latter had admitted, by a supplemental answer, that on March 1, 1891, Sheriff Flack conveyed to him all the right which Edwin Clark, the son of Sarah, had in the premises on September 18, 1889, at which date, as Sarah Clark was then living, Edwin Clark had no interest whatever in the premises. (Van Brunt, P. J., dissenting upon the ground that Sheriff Grant was a necessary party.)

Appeal by the defendant Garrett D. Clark, individually and as administrator of Sarah Clark, deceased, and by the defendants, Edwin Clark and Jessie Fremont Clark, from a judgment of the Supreme Court, entered, after a trial at the New York Special Term, in the office of the clerk of the city and county of New York on the 26th day of May, 1892, adjudging that a deed, executed by Hugh J. Grant, late sheriff, to John H. Birch, and a certificate of sale certifying that the sheriff had sold to Birch the right, title and interest of Edwin Clark in certain premises, be corrected and reformed by striking out the word "fifty" and inserting the word "eighty" in the distance, as stated, of the premises therein described west of Seventh avenue.

*William H. Arnoux* for the appellants.

*Henry P. Starbuck,* for the respondent.

Lawrence, J. :

This action was brought by the above-named respondent, Edwin W. Butler, as plaintiff, to obtain, as against the above-named appellants, Garrett D. Clark, individually, and as administrator of the goods, chattels and credits of Sarah Clark, deceased, Edwin Clark, Jessie Fremont Clark and others, who have not appealed, as defendants, a judgment reforming a sheriff's deed, made pursuant to a sale under execution, of the interest of Edwin Clark in certain property in the city of New York. The action, as brought, had also certain other purposes which are immaterial upon this appeal. For the purpose of a full understanding of the case a chronological statement of the facts will be necessary.

On the 18th of September, 1879, Sarah Clark, the mother of Edwin Clark, recovered judgment against him for $1,725.56. On the the 10th of March, 1883, Johannah Donovan recovered judgment

against Edwin Clark for $311.42  On the 8th of February, 1885, Sarah Clark died intestate, seized and possessed of the premises which form the subject of this controversy and of certain personal property, leaving her surviving Edwin Clark and a grand-daughter, Sarah E. Clark, now Mrs. Worden, her only heirs-at-law. She also left her surviving the appellant, Garrett D. Clark, who has ever since been in possession of the premises as tenant by the courtesy.

On the 25th of February, 1885, Garrett D. Clark, the husband, was appointed the administrator of the estate of Sarah E. Clark. On the 2d of January, 1886, Edwin Clark conveyed his interest, as one of the heirs-at-law of Sarah Clark, to Celia K. Haynes, and, on the same day, Celia K. Haynes conveyed the same to Jessie Fremont Clark, the wife of Edwin Clark.

On the 7th of October, 1887, execution was issued on the Donovan judgment against Edwin Clark, and on the 6th of December, 1887, a sale was made by the sheriff under that judgment, at which sale the sheriff sold Edwin Clark's interest in the premises, inherited from his mother, to John H. Birch; on the 15th day of March, 1889, this interest, not having been redeemed, was conveyed to said Birch by Hugh J. Grant, then sheriff of the city and county of New York.

The sheriff's deed followed the description contained in the deeds by which Edwin Clark had previously conveyed the property to his wife, and, while describing the premises, in other respects, accurately by metes and bounds, located them erroneously as 151 feet, instead of 181 feet west from Seventh avenue. The sheriff's deed, at the end of the description of the premises conveyed, contained the following recital: " Being the same premises of which Sarah Clark died seized on the 8th day of February, 1885, and which are known as No. 216 West Forty-third street in the city of New York."

It was shown on the trial that Garrett D. Clark was present, with his counsel, at the sale, and that he knew that Mrs. Sarah E. Clark was in possession of the premises at the time of her death, and did not hold title to any other property on that street at the time of her death; that the whole south side of the street was built up with a continuous row of houses, covering one lot apiece, and marking the locations and widths of all the lots to the eye; that no lot commenced 151 feet west from Seventh avenue, but that the point on the south side of the street, lying at that distance west from the avenue, fell within

a lot seventeen feet wide, four feet from one side and thirteen feet from the other, on which stood a house of which the street number was 212, and which was built in 1856; that there was no other lot nineteen feet wide, on the block, than No. 216; that the nearest in width of the narrower lots was seventeen feet wide, and the nearest of the wider lots twenty feet, the latter being 200 feet away; and that the house No. 216 covered the premises in question, and had been so built and numbered since 1855.

On the 30th of August, 1889, John H. Birch conveyed his interest in the premises to the respondent, by a deed in which it was correctly described; and this action was commenced on the 3d day of September, 1889, to reform the sheriff's deed by changing the word "fifty" to the word "eighty," in the statement therein of the distance of the said lot, piece or parcel of land from the corner of Forty-third street and Seventh avenue.

It was alleged, in the complaint, that Edwin Clark's distributive share of the personal estate of his mother exceeded the judgment held by the administrator, and that an error had been committed in the sheriff's deed, whereby the premises included therein were described as being 151 feet from the corner, instead of 181 feet, as it should have been. The complaint prayed for an accounting of the administrator to determine the distributive share of Edwin Clark; second, for the application of such distributive share to the extinguishment and cancellation of the Clark judgment; third, if such distributive share is insufficient therefor, then to determine the excess, and compel the sheriff to pay the same; and, fourth, to reform the sheriff's deed by changing "fifty" to "eighty."

The plaintiff subsequently filed a supplemental complaint, alleging that the judgment obtained by Mrs. Clark against Edwin Clark ceased to be a lien upon the premises on the 18th of September, 1889, and that on the 23d day of October, 1889, the said sheriff, under said judgment, sold the interest of Edwin Clark, in the premises he inherited from his mother, for $2,725 to Garrett D. Clark, but that he had not paid anything on account thereof; and prayed that said sale be declared void and abandoned, and that the sheriff should be enjoined from completing the same.

The answers put in issue the material allegations of the complaint respecting the right of action in the plaintiff.

Several questions are presented by the appellants upon this appeal, but the main and radical question discussed by them is as to the alleged error of the justice presiding at the Special Term in refusing to dismiss the action as against all the defendants.

It is argued, in the first place, that neither the plaintiff nor Sheriff Flack was a party to the deed complained of, and that Sheriff Flack, as the official successor of Sheriff Grant, was not answerable for the errors or mistakes of the latter. This is true ; but the admission of that fact is not conclusive upon the question whether the plaintiff is entitled to have the deed of Sheriff Grant reformed, if the court can see that, in point of fact, the latter not only intended to sell, but actually sold, the premises No. 216 West Forty-third street. Common certainty is all that is required in the descriptions of real property upon a sheriff's sale under execution. (Code Civ. Pro., § 1435.) And, as was said by Mr. Justice DAVIS, in delivering the opinion of the Supreme Court of the United States in *White* v. *Luning* (93 U. S., 523) : " In regard, however, to the description of the property conveyed, the rules are the same whether the deed be made by a party in his own right, or by an officer of the court. The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with legal rules, the object they were intended to accomplish."

To the same effect is *Farmers' Loan and Trust Company* v. *Eno* (21 Abb. N. C., 220) ; *Hathaway* v. *Power* (6 Hill, 453) ; *Dygert* v. *Pletts* (25 Wend., 402), and numerous other cases.

In *Hathaway* v. *Power* (*supra*) the court said : " Where the description given in a deed contains several particulars, all of which are necessary to ascertain the land intended to be conveyed, nothing but what will correspond with all those particulars can pass by the grant ; but if there be certain parts sufficiently ascertained to locate the land, the addition of false or mistaken particulars will be rejected."

In *Dygert* v. *Pletts* (*supra*) it was held, that a sheriff's deed, conveying all the right and title of the defendant in an execution to a lot of land, described as lying on the south side of a particular creek, in a given town and county, is not void for uncertainty in the description of the premises, although but a single line be given in

the deed as a boundary, *where the fact is shown that the defendant in the execution claimed to be the owner of the land situate between such line and creek.* NELSON, Ch. J., in delivering the opinion of the court in that case, said : " Certainty to a common intent is all that is required, and if there be a certain number of particulars given, sufficient to designate the thing intended to be granted, the grant will be effectual, though there may be others false and mistaken." (Citing 6 Cow., 281.) " It should also be as favorably construed for the grantee as is consistent with the rules of law, *ut res magis valeat, quam pereat.*"

In the case of *Ousby* v. *Jones* (73 N. Y., 621, opinion in full annexed to respondent's brief), the Court of Appeals held that the clause in the description of property contained in a deed coming last, and seeming to be the intention of the parties to the conveyance, must have a controlling effect upon all the phrases used by the draughtsman in setting forth the description of the premises

Bearing in mind the provisions of the Code of Civil Procedure above referred to and the principles enunciated in the cases just cited, we have no difficulty in coming to the conclusion that the premises intended to be conveyed by the sheriff were those known as No. 216 West Forty-third street, of which Sarah Clark died seized on the 8th of February, 1885. The error in locating the premises, as commencing at a point one hundred and fifty-one feet westerly, instead of one hundred and eighty-one feet westerly, from the corner formed by the intersection of the southerly side of Forty-third street and the westerly side of the Seventh avenue, does not, in our opinion, nullify the deed. The premises are sufficiently identified by the recital at the end of the description, and by the fact that Sarah Clark had never possessed any other property upon that street, and that she died in possession of the same. We think, therefore, that the judgment correcting and reforming the sheriff's deed, by striking out therefrom the word "fifty," and inserting in place thereof the word "eighty," in the distance as therein stated and given of the premises from the south-west corner of Forty-third street and Seventh avenue, is correct.

The plaintiff does not ask to have a new deed executed by the defendant Flack in lieu of that executed by Grant, the former

sheriff; he does not ask for any other deed but simply prays that the deed actually executed may be corrected as to a clerical error, all of the parties who were shown to have any interest in the premises conveyed being before the court. He asks, in other words, to have an official act made to conform to the actual understanding and intent of all the parties. And for this purpose it was not necessary that Grant, the former sheriff, should be made a party to the action. On the evidence in the case, there can be no reasonable doubt as to what premises were intended to be conveyed, and it is the duty of a court of equity, on the facts presented, to see that that intention is made clear upon the record.

It is contended, however, that Flack was not a necessary party to this action, inasmuch as he could not correct the alleged error of his predecessor. We have shown that he is not called upon to do so. But there are two answers to this objection on the part of the defendants. There is no answer or demurrer to the effect that there is a defect or improper joinder of parties in the action; and, secondly, Flack was a proper party to the action, because a portion of the relief sought by the plaintiff, in his supplemental complaint, was to have declared void an alleged sale by Sheriff Flack, under an execution issued on the judgment obtained by Sarah Clark against Edwin Clark on the 18th of September, 1879, and to restrain said Flack from making, executing, delivering or filing any certificate of sale or deed based upon said attempted sale, etc. (Barb. on Parties 753, and cases cited.)

The appellants further contend that the court improperly denied the motion to dismiss the complaint as against Edwin Clark, the judgment-debtor, through the purchase of whose interest on the sale, and under the deed aforesaid, the plaintiff claims his title This objection we regard as unfounded, for the reason that the main object of this action is to reform a deed executed upon the sale of his interest; and, being a suit in equity, he was a proper and necessary party in order that his rights might be ascertained, if any he had, and protected, and that every person interested in the remotest degree in the premises sold should be before the court.

It is also contended that the court improperly denied the motion to dismiss the complaint as against Garrett D. Clark, individually. But this position is not tenable, for the reason that it was admitted

·by the supplemental answer of the defendant Clark, that on the 31st day of March, 1891, Flack, as sheriff, had executed and delivered to him a deed bearing date on that day, whereby he conveyed to the defendant all the right, title and interest which the defendant Edwin Clark had on the 18th day of September, 1879, in the property in question, although, at that time, as Sarah E. Clark was alive, Edwin Clark had no interest in the property. The defendant Garrett D. Clark relies upon the same as giving him an interest in the property in his individual right, independently and distinctly from any right which he had in the premises, either as tenant by the courtesy, or as administrator of his wife's estate.

The cases which are cited by the learned counsel for the appellants are not adverse to the views we have expressed. Whatever doubt there may have existed theretofore, as to to the power of the court to reform a sheriff's deed, in an action to which even the sheriff was not a party, was set at rest by the Court of Appeals in the case of *Bartlett* v. *Judd* (21 N. Y., 200), in which the case of *Mason* v. *White* (11 Barb., 173), which was supposed to sustain a contrary doctrine, is discussed. Mr. Justice Bacon, in delivering the opinion of the court, says, after showing that the facts in the case of *Mason* v. *White* were different from those in *Bartlett* v. *Judd*, and that in that case parol evidence, as to the intention of the sheriff in regard to the land intended to be sold, might well have been excluded : " But when the learned judge in that case states that, although, as between man and man, deeds may be explained and reformed by reason either of fraud or mistake, but that a deed of a sheriff cannot be thus reformed, he states a proposition for which I can find no authority in the books, and from which I am constrained to dissent. The only case referred to for this doctrine is *Jackson* v. *Delancy* (13 Johns., 539), which certainly decides nothing more than that, in a sheriff's deed, the land must be described with reasonable certainty. The deed in that case having undertaken to convey, with two parcels well described, all the other lands of William Earl Stirling, in the county of Ulster, it was held to be void for uncertainty. No such principle as this was necessary to the decision of the ·case of *Mason* v. *White*, which can well stand without its aid. *And if fully carried out, this doctrine would place both the certificates and the deeds of sheriffs utterly beyond the reach of the law, although its*

*aid were invoked upon the clearest proof of inadvertence, mistake or fraud."*

It was within the power of the justice, who tried the cause at Special Term, to reopen the case upon notice to the parties, and to receive the additional evidence which is contained on pages 49 and 50 of the case. In that respect he had a discretion, and there is nothing to show that the discretion was abused. Indeed, it seems to have been wisely exercised, as it put the court in complete possession of all the facts of the case, and enabled it to adjust and settle the rights of the parties as justice and equity required.

We are of the opinion, therefore, that the judgment below should be affirmed, with costs and disbursements.

O'BRIEN, J.:

The judgment corrected the error in the description. No deed or act of Grant, as sheriff, was necessary for this purpose, and, apart from his former official relation, he was in no way connected with the property. All persons having an interest were made parties, and the judgment could be rendered without the presence of the sheriff, against whom no judgment was asked, and from whom nothing was required.

I concur, therefore, with Mr. Justice LAWRENCE for affirmance.

VAN BRUNT, P. J.:

I dissent. I am of the opinion that Sheriff Grant was a necessary party to the action. I do not see what authority the court had to alter an instrument executed by a person without giving him an opportunity to be heard.