## THE STATE OF IOWA:

DES MOINES, DECEMBER TERM, A. D. 1877.

IN THE THIRTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JAMES G. DAY, CHIEF JUSTICE.
"   JAMES H. ROTHROCK,⎫
"   JOSEPH M. BECK,    ⎪
"   AUSTIN ADAMS,      ⎬ JUDGES.
"   WILLIAM H. SEEVERS.⎭

---

### LAWRENCE SAVINGS BANK v. STEVENS.

1. **Former Adjudication:** FAILURE TO INTERPOSE DEFENSE. A party cannot set up a defense which he might have interposed, but failed to do so, in a former action involving the same subject-matter between the same parties.

*Appeal from Wapello Circuit Court.*

TUESDAY, SEPTEMBER 18.

THIS is an action against Wm. A. Stevens upon a judgment recovered at the October term, 1874, of the District Court of Douglas County, Kansas, for the sum of $2,792.70, against

William H. Carey and William A. Stevens, on personal service of summons, upon a note executed by Wm. H. & C. J. Carey and Wm. A. Stevens to L. B. Harris, and by him indorsed in blank.

The defendant for answer admits the plaintiff obtained the judgment, but alleges it was procured by fraud of plaintiff or its attorneys; that he had a complete defense, and was informed the case had been continued; that on or about the 26th of March, 1873, he entered into an agreement with plaintiff upon the following state of facts: Defendant is a resident of Wapello county, Iowa; has been engaged in feeding and buying and selling stock; that in December, 1872, or January, 1873, defendant and C. J. & W. H. Carey were partners at Lawrence, Kansas, in ownership of four hundred cattle; that said Careys owned about one hundred and sixty-five head, all being prepared for market; that during said winter defendant and Careys borrowed from plaintiff $2,000 to aid them in buying feed; admits they made the note mentioned in petition, and says it was made to enable Careys to purchase feed for their said cattle; that he and Careys had three hundred head of hogs following the cattle; that the cattle and hogs were of the value of $28,000; that said Careys had one hundred and fifty head of hogs following their one hundred and sixty-five head of cattle; said cattle and hogs were worth $9,000. Defendant says that about the 26th of March, 1873, he sold his interest in said cattle and hogs to the said Careys, and when said sale was made plaintiff was present and the following understanding and agreement were entered into between defendant and plaintiff, to-wit: The said Careys had not ready money with which to pay defendant for his interest, it being about $4,400, and said plaintiff was to have the entire control and charge of said stock, and it agreed to assume and pay off all debts of said Stevens and Careys, and to take up all the notes given by said Careys and Stevens, and was to save defendant harmless from any note given by said Careys and himself, including the note on which said judgment was founded (defendant was not a resident of Kansas); that he had abundance of means at said city to pay his debts; that Careys

resided at Lawrence, and at said time had abundance of means to pay their debts; defendant did not desire to leave any debts at Lawrence; that plaintiff to secure itself in regard to said notes took from said Careys a chattel mortgage on said stock about March 26, 1873; that defendant left with said bank for collection his note taken for his said interest. Defendant says plaintiff had in its possession, when said agreement was made, the note referred to in the petition; that said note was counted as one of the debts of the Careys, and plaintiff agreed to pay the same, and took said cattle into possession, and held them so they could be sold to pay all said indebtedness and save defendant harmless from said note; that plaintiff claims said note was not paid, and that it has judgment against him thereon. Defendant avers that plaintiff has violated its contract with defendant, and has not saved him harmless as it agreed to do, to the damage of defendant to the whole amount for which plaintiff has brought suit, and asks that this damage off-set plaintiff's claim.

Afterward, as required by the court, on plaintiff's motion, the defendant filed an amendment to his answer, alleging that he is unable to set out fully the acts constituting the fraud; that he did not know of the judgment until sued in this case; that he supposed the case had been continued; that he had a complete defense, and the fact that the judgment was rendered against him without notice induced him to believe that there was fraud; that the petition was filed August 29, 1874; that court convened in October, and judgment was not rendered until January 12, 1875; that the agreement as alleged in his answer was parol, and made with one Rankin, president or cashier of said bank. The plaintiff filed a demurrer to this answer, which was overruled. The plaintiff replied denying the allegations of the answer. The cause was tried by a jury, and a verdict was returned for the defendant. The motion for a new trial was overruled, and judgment was rendered for defendant for the costs. The plaintiff appeals.

*Hutchison & Mast*, for the appellant.

*Stiles & Burton*, for the appellee.

DAY, CH. J.—The substance of defendant's claim in his answer is that when defendant sold his interest in the cattle and hogs to the Careys, it was agreed that plaintiff was to have the entire control and charge of said stock, and was to assume and pay off all debts of said Stevens and Careys, and to save defendant harmless from any note given by said Careys and himself, including the Harris note, upon which said judgment was founded. The testimony introduced by defendant tends to establish this averment of his answer. The testimony further shows that plaintiff, on the 16th day of August, 1873, purchased said note of Harris, and afterward obtained upon it the judgment upon which this action is brought. The defendant was personally served with summons in that action, and employed counsel, to whom he paid a retainer fee of five dollars, but he did not inform his attorney as to his defense, and he paid no further attention to the action. The position of defendant now is that he may interpose as a counter claim to the action on this judgment the agreement of plaintiff to hold defendant harmless upon the note on which said judgment was obtained. If plaintiff agreed to pay this note, and Harris or any third party had recovered judgment thereon, the defendant would have a right of action against plaintiff for the amount of the debt. *Stout v. Folger*, 34 Iowa, 71. But when plaintiff purchased the note, and took an assignment of it to itself, the note was in effect paid, if plaintiff had agreed to pay it, and hold defendant harmless therefrom. The agreement of plaintiff to pay the note, in an action upon it between plaintiff and defendant, would not constitute a counter claim against it, but a defense of payment. When sued upon the note the defendant should have interposed this defense. Unless he was prevented from doing so by the fraud of the plaintiff, he cannot do so now. *Hackworth v. Zollars*, 30 Iowa, 433; *Dalter v. Laue & Guye*, 13 Iowa, 538; *Campbell v. Ayers*, 1 Iowa, 257; *Embury v. Conner*, 3 N. Y., 511 (522). Freeman on Judgments, Sec. 435, and cases cited. The court, after stating the issue, gave the following instruction: "11th. And defendant claims that said note was not paid by the plaintiff, and plaintiff claims to

1. FORMER adjudication: failure to interpose defense.

have judgment against the defendant therefor, and he alleges that plaintiff has violated said contract, and neglected and failed to pay the same as per agreement, and hold him harmless therefrom, and alleges and claims that he is damaged to the full extent of said claim, and claims to have the same set-off against said judgment, and if you so find, and find he is damaged as claimed, then he is entitled to have the same set-off against the judgment in this case." This instruction is erroneous. It treats the agreement of plaintiff to pay the note and hold defendant harmless therefrom, not as a defense to the note in the hands of plaintiff, which should have been pleaded in the main action, but as a set-off to the judgment to be now interposed against it. The plaintiff asked several instructions which were refused. We need not inquire as to the correctness of these instructions, as our views are fully indicated, upon the entire case, in what has been said.

REVERSED.