## NEWBY v. CALDWELL.

1. **Res Adjudicata:** DAMAGES: CONTRACT AND TORT. Where, in defense to an action to recover the purchase price of two plows, the defendant pleaded that they were worthless, and broke with ordinary and careful use, and were returned by him under the contract, it was held that the judgment in such action was a bar to a subsequent action in tort to recover damages for the breaking of the plows before their return by the defendant.

*Appeal from Shelby Circuit Court.*

THURSDAY, JUNE 17.

ACTION commenced before a justice of the peace. The petition stated the plaintiff sold to the defendant two plows on condition they were to be returned if they failed to do good work. That defendant willfully, or through gross carelessness, broke and injured said plows, whereby the plaintiff was damaged.

The defendant pleaded a former adjudication. The cause

was appealed to the Circuit Court and there tried on the issue aforesaid to a jury. Verdict and judgment for plaintiff, and defendant appeals.

*I. W. De Silva* and *Clinton, Hart & Brewer*, for appellant.

*Truman & Smith*, for appellee.

SEEVERS, J.—The court instructed the jury that "There is no question of prior adjudication in this case for you to

1. RES ADJU-
DICATA:
damages:
contract and
tort.

determine, and you must not pay any attention to said question," and has certified that it is desirable to have the opinion of the Supreme Court whether such instruction *is correct*.

The first action was brought to recover the purchase price of two plows, and the present action is based on the same transaction.

In the first action the defendant pleaded that "he made a conditional agreement with the plaintiff for two plows. * * That by the terms of the agreement he was to take said plows and try the same, * * and if either or both failed to do good work, or proved to be constructed of poor material, it was his right to return the same. * * That one of said plows proved on trial to be worthless and of no value. * * The lathe was full of cracks and flaws, and crumbled to pieces. The timber was brashy and cross-grained, and otherwise bad, and did break with ordinary and careful use, and * * he returned said plow to plaintiff."

Upon the issue thus formed the action was tried, and judgment rendered for plaintiff for one plow only.

In the present action the plaintiff bases his right to recover on the ground that the defendant "willfully, or through gross carelessness," injured and ruined said plow. This must have been tried and determined adversely to the plaintiff in the first action. For the defendant to have succeeded therein,

or defeated the plaintiff as to one plow, he must have established that he took ordinary care of the same. This was the issue in the first action, and it cannot be retried and determined again merely because the plaintiff brought the present action as for a tort, and the former was based on contract. Freeman on Judgments, Sec. 256; *Gates v. Preston*, 41 N. Y., 113; *Collins v. Burnett*, 46 Id., 490; *Bates v. Spooner*, 4 Ind., 493; *Hackworth, Guardian, v. Zollars*, 30 Iowa, 433.

The instruction given was erroneous.

REVERSED.