LAUGHLIN v. THE CITY OF WASHINGTON.

1. **Cities and Towns:** ACCEPTANCE OF STREET DEDICATED TO PUBLIC USE: FACTS NOT CONSTITUTING. Section 527 of the Code provides, in substance, that, before a street or alley dedicated by the owner to public use in a city shall be deemed public, the city council must accept and confirm such dedication by an ordinance specially passed for that purpose. But where the city council, by resolution, directed its committee on streets and alleys to examine the ground covered by the plat of a proposed addition to the city, and authorized such committee to accept the plat at their discretion, when the proprietor should so change it as to make the streets sixty-six feet wide, but the committee did nothing purporting to be an acceptance of the plat, but simply reported to the council that the ground had been resurveyed, and the streets made sixty-six feet wide, and recommended that the plat be accepted, and the council "adopted" the report, and did nothing more, *held* that this did not satisfy the demands of the statute, and that the streets as shown by such plat did not become public, and that the city was not liable for injuries occasioned by obstructions in such streets.

2. ———: ACCEPTANCE OF DEDICATED STREET BY USER. If user is, in any case, sufficient to establish the public character of a street in a city, (which is doubted, see Code, § 527,) such user must be shown to be open, notorious and continuous for such a length of time as that an acceptance on the part of the city can be presumed. The use of the street by the public, with knowledge by the city, for two or three weeks, is not sufficient.

### *Appeal from Washington District Court.*

### FRIDAY, JUNE 6.

IT is stated in the petition that one Smouse laid off an addition to the defendant, and dedicated the streets therein to the public, and that the defendant accepted such dedication, but permitted one of said streets to become obstructed, whereby a horse belonging to the plaintiff, which was lawfully passing along said street, was injured. The court directed the jury to find for the defendant, on the ground that there was no evidence tending to show an acceptance of such dedication. The plaintiff appeals.

*A. R. Dewey* and *H. & W. Schofield*, for appellant.

*C. C. Patterson*, for appelee.

SEEVERS, J.—I. It is provided by statute "that no street or alley, which shall hereafter be dedicated to public use by the proprietor of ground in any city, shall be deemed a public street or alley, or to be under the use or control of the city council, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose." Code § 527. There is a statute in Ohio precisely like the foregoing, and in *Wisby v. Bonte et al.*, 19 O. St., 238, it is said that the statute was "not intended as a limitation upon the general power of the corporation in regard to opening and improving streets, but as a restriction of the power possessed by others of imposing burthens and responsibilities on the corporation. In this case, the ordinance passed by the city council recognized the street by name, and ordered its improvement as a public way. The passage of the ordinance and the making of the improvement were necessarily an acceptance or adoption of the street by the city." Conceding, for the purpose of this case, the correctness of the foregoing decision, the case at bar is clearly, we think, distinguishable from it. In 1880, the city council passed an ordinance providing, in substance, that ground within the city should not be platted or recorded by any proprietor thereof, nor streets or alleys established therein, unless the consent of the council was first obtained, and that all streets should be sixty-six, and all alleys sixteen, feet wide.

Some time after the passage of this ordinance, but prior to March 20, 1882, one Smouse caused a plat of his proposed addition to the city to be prepared, some of the streets in which were less than sixty-six feet wide, and presented the same to the council for acceptance. In relation thereto, the following resolution was passed by the council: " That the

*[margin note: 1. CITIES and towns: acceptance of street dedicated to public use: facts not constituting.]*

committee on streets and alleys be required to have the county surveyor ascertain the line of the streets running east through north-east Washington, and that, when W. Smouse completes his plat, by making his streets sixty-six feet wide, the plats be accepted at their discretion." On the 20th day of June, 1882, the committee made the following report to the council: "Your committee, to whom was referred matters pertaining to the admission of the proposed addition to the city, of Winfield Smouse, would report that, Mr. Smouse having resurveyed and platted his addition, making his streets and alleys the lawful width, we would therefore recommend that his plat be accepted." The report was "adopted." When this action was had, no plat had been filed for record, but one was so filed five days afterwards. The council at no time by ordinance, as the statute requires, accepted or recognized the dedication, except as above stated.

Conceding that the council could and did confer on the committee the power to accept the proposed dedication, it will be observed that the committee did not do so, but simply recommended the city to do so, and that the city adopted the report. But this was not equivalent to an acceptance of any kind; much less was it an acceptance by ordinance. The report and action of the council contemplated that something more was to be done, when the plat was filed for record, we must presume; for it cannot be presumed that the city intended by the action taken to accept a plat before it was filed for record. Such a plat might be materially changed before it was filed, and thus disputes would arise. But, be this as it may, we do not think the city accepted, or intended to accept, without further action on its part, the unrecorded plat presented to the committee.

We have not deemed it necessary to determine whether a city can lawfully accept an addition thereto by resolution, or by the adoption of a report of a committee so recommending, but we desire to say that, upon the passage of an ordinance, the yeas and nays must be called and entered of record,

and a majority of all the members elected to the council must vote in favor of the ordinance, before it can be regarded as passed. A resolution, however, unless it is proposed to enter into a contract thereby, may be lawfully passed by a majority of the members of the council present at the meeting.

II. Counsel for the appellant contend that an acceptance by ordinance is not essential, but that it may be established by user. Whether a user by the public, without any action on the part of the city, is sufficient, is regarded as doubtful, and no determination is made as to this question, because we think the user in this case is clearly insufficient. The plat was filed for record on March 25th, 1882, and, quoting from the bill of exceptions, the streets and alleys "remained open to the public for from two to three weeks, and were to some extent passed on and used by the public." "Smouse then stretched fence wires across the ends of the streets, thus reenclosing the entire tract. These wires were to some extent broken down, and cattle from the town passed into these streets; that these things remained in this way until after the injuries complained of by the plaintiff, and until about October 1, 1882, when the wires across the street were removed."

2. ——: acceptance of dedicated street by user.

Now, the streets were used to some extent by the public for two or three weeks, and the defendant had knowledge of this fact. Is this sufficient evidence of an acceptance of the proposed addition by the city? We think not. If user alone is sufficient in any case, we think it must be shown to have been open, notorious, and to have continued for such a length of time that an acceptance can be presumed. No such presumption can possibly arise in his case. The judgment of the district court is therefore

AFFIRMED.