## SOUTHARD V. SMITH *et al.*

Where, in an action to foreclose a lien, under the mechanic's lien law of this state, one claiming an interest in the property was made a party defendant, and it was alleged in the complaint that such defendant, naming her, "has or claims to have some interest in the land, * * * but she has no claim prior or superior to that of plaintiff's," and such defendant admits such allegation in her answer, and fails to set up or claim any superior or paramount title to the property involved in the action, she is concluded by a verdict of a jury in such action finding all issues in favor of the plaintiff, and a judgment rendered thereon, and she cannot be permitted to litigate or dispute the title to such property, as against one who claims the same under and by virtue of a sale of the property made under the said judgment.

(Syllabus by the Court.   Opinion filed Feb. 15, 1896.)

Appeal from circuit court, Lincoln county. Hon. J. W. JONES, Judge.

Action by Emily Southard against Isabella M. Smith to foreclose a contract or bond for a deed, and to foreclose such right, title and interest as W. and A. McArthur, St. Croix Lumber Co. and Oshkosh Lumber Co., as holders of mechanic's liens, have in the premises described in such contract. These interests have been assigned to defendant Charles E. Judd, who appeals from a judgment in favor of plaintiff. Reversed.

The facts are stated in the opinion.

*O. S. Gifford* and *Davis, Lyon & Gates,* for appellant.

The court, having jurisdiction of the subject matter and of Emily Southard, as a party defendant in the two mechanic's lien cases, the decree in favor of the plaintiff in those actions concludes her from asserting any right, title or interest in the premises superior to that of the plaintiff. Hefner v. N. W. Mu. L. I. Co., 123 U. S. 147; Nasters v. Templeton, 92 Ind. 447; Bundy v. Cunningham, 107 Ind. 360; Helck v. Reinheimer, 105 N. Y. 470; Palmer v. Yager, 20 Wis. 91.

Mrs. Southard, by her contract, authorized and directed Mrs. Smith to erect a building upon land of which she held the legal title. By so doing she expressly made Mrs. Smith her

agent to contract for the labor and materials necessary for its construction. Bohn Mfg. Co. v. Kountze (Neb.), 46 N. W. Rep. 1123; Pickings v. Plattsmouth I. Co. (Neb.), 55 N. W. Rep. 947; Hill v. Hill (Minn.), 42 N. W. Rep. 294; Henderson v. Connelly, 123 Ill. 98, 14 N. E. Rep. 1.

*Stoddard & Wilson*, for respondent.

"Owner" does not mean owner in fee, but one having any interest in the land upon which the buildings are erected. Comp. Laws, Sec. 5483. Matters which might be litigated between the owner of the fee, and the holder of a lien upon the interest of an adverse claimant must be directly put at issue and litigated. Hefner v. Ins. Co., 123 U. S. (L. Ed.), 312. If the testimony offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the suit, although it is for the same cause of action for which he attempted to recover in the first suit. Stringham v. Adams, 98 Ind. 539. In no form of action can the holder of the machanic's lien acquire title to property other than such right, title and interest as is held by the person individually liable for the payment of the lien. Bank v. Goldman, 75 N. Y. 127; Rathbone v. Hooney, 58 N. Y. 463; Wichie v. Lake, 21 Wis. 419; Lewis v. Smith, 9 N. Y. 502. Appellant's contention that respondent by her contract with Mrs. Smith, made her her agent and subjected respondent's interest in the premises to the liens of the lien holders is without merit. Pinkerton v. Le Beau, 54 N. W. Rep. 87; Stockwell v. Carpenter, 27 Iowa 119; Watkins v. Litchfield, 29 N. W. Rep. 447.

CORSON, P. J. Emily Southard, the plaintiff, being the owner of a certain lot in the city of Canton, entered into a contract, usually denominated a "bond for a deed," with the defendant Isabella M. Smith, by which she agreed, upon the payment of $3,000 at the time therein specified, and the performance of certain covenants therein, to convey to her said lot.

One of the covenants on the part of said Isabella M. Smith was that she would erect a building of the dimensions and of the material therein specified upon the said lot, and expend at least $1,000 in said improvements within 30 days after the date of said contract. Upon this contract the said Isabella M. Smith paid $1,758.41, and partially completed said building. Failing, on demand, to pay the balance due upon said contract, Emily Southard brought this action to foreclose the said contract, and subject the said lot and improvements to the payment of said balance due her. Isabella M. Smith, W. & A. McArthur, the St. Croix Lumber Company, and the Oshkosh Lumber Company, with others, were made parties defendant; but, during the progress of the case, Charles E. Judd succeeded to all their respective interests, and was substituted for them in the action and is the only party who appeals. The case was referred to a referee, who found the facts and stated his conclusions of law thereon. From the findings of fact it appears that W. & A. McArthur, the St. Croix Lumber Company, and the Oshkosh Lumber Company set up in their answers proceedings in actions brought to foreclose mechanics' liens, resulting in the sale of the interests of said Isabella M. Smith in the property, and which, appellant contends, also divested Emily Southard of her title to the property. Whether or not these foreclosure proceedings under the mechanics' lien law did divest the title of Emily Southard is the only question in the case. From these findings of the referee it further appears that, in erecting the building specified in the contract, Isabella M. Smith became indebted, for material furnished for the same, to W. & A. McArthur, who duly filed a lien therefor, and subsequently instituted an action to foreclose the same, making, among others, Isabella M. Smith and Emily Southard, the plaintiff herein, parties defendant. W. & A. McArthur alleged, in their complaint in that action, that the lumber was furnished "by virtue of a contract with the defendant Isabella M. Smith, through her agent one E. E. Carpenter." The complaint further states

"that the defendant Emily Southard, plaintiffs are informed and believe, has or claims to have some interest in the land upon which said building stands, but she has no claim prior or superior to that of plaintiffs." To this complaint which is in the usual form in other respects, the defendants, including said Emily Southard, filed an answer denying all the allegations of the complaint not therein admitted, and among other admissions is the following: "(5) Defendant Smith admits that she is the owner by purchase contract of the premises described in the complaint, and defendants admit the sixth, seventh and eighth counts in the complaint." The term "counts" as used above, evidently means paragraphs, as the complaint contains but one cause of action, divided into paragraphs, and the seventh paragraph is the one hereinbefore given. The answer concludes with the following prayer: Wherefore the defendants pray judgment for a dismissal of the complaint, for costs and disbursements, and for a decree adjudging the lien filed by plaintiffs a cloud upon defendants' title, and that the same be canceled of record, and for such other and further relief in the premises as is just and equitable." The case was tried by a jury, which found all the issues in favor of the plaintiffs therein, W. & A. McArthur, and thereupon the court made its decree, in which it is decreed as follows: "It is further ordered and decreed that all the right, title and interest of the defendant Isabella M. Smith in the building and premises described in the complaint, * * * or so much thereof as may be necessary, be sold to satisfy the judgment, with interest, costs, etc. * * * And it is further ordered and decreed that the defendants, and all persons claiming under them, or either of them, after the giving of said deed, and the confirmation of sale thereof, be forever barred and foreclosed of all right, title, interest and equity of redemption in and to said premises so sold, or any part thereof, unless the same shall be redeemed within one year from the day of such sale, as provided by law."

The referee, after finding the facts is to the other two lien-foreclosure actions, which were quite similar, except that in

the second one Emily Southard made no answer, and in the third she was not named as a party defendent, the referee made the thirty-fourth finding, which is as follows: "That it appears from the judgment roll in this action, introduced in evidence, that Isabella M. Smith never acquired any interest in the premises in question under and by virtue of the contract entered into between her and the plaintiff, Emily Stoddard, and it is not shown by defendant that Isabella M. Smith ever complied with the terms of said contract or that her successors in interest ever did so." The referee states his conclusions of law as follows: "That as the degrees in which the St. Croix Lumber Company and W. & A. McArthur are plaintiffs, being the only action in which the plaintiff, Emily Southard, was made a defendant, did not pretend to sell anything but the interest of Isabella M. Smith in and to the premises in controversy; and, as it does not appear that Isabella M. Smith ever acquired any interest in said premises, but, on the contrary, it appearing that said Isabella M. Smith never did acquire any interest in said premises, the attempt in said decrees to bar the plaintiff, Emily Southard, from all interest in said premises was wholly inoperative and void, and the purchasers or their successors at the sale under said decrees did not acquire any interest in the land when in controversy."

Subsequently the case was referred to the referee for further findings, and thereupon he made the following additional findings: "(1) I find as a fact that the defendant Isabella M. Smith never performed the conditions of the contract entered into between the plaintiff herein and said Isabella M. Smith, set out in finding No. 1 of the original findings, in this: that said Isabella M. Smith never paid or offered to pay the plaintiff the amount required to be paid by her, under and by virtue of the terms of said contract, nor did said Isabella M. Smith make improvements on the premises as required by said contract. (2) That the only sum ever paid by said Isabella M. Smith, or by any person for her, was the sum of seventeen hundred and

fifty-eight dollars and forty-one cents ($758.41).    (3) That the sum due under said contract was demanded of said Isabella M. Smith, or her agent, by the plaintiff, Emily Southard.    (4) That there is now due and owing by the said Isabella M. Smith to the plaintiff, Emily Southard, the sum of $1,660, with interest thereon at the rate of ten per cent. per annum from the 10th day of August, 1883.    *   *   *   (5) That no part of the sums of money in these additional findings found to be due said Emily Southard has ever been paid to her, although demand has been made therefor.    (6) That the plaintiff, Emily Southard, by virtue of the contract entered into between herself and the said Isabella M. Smith, and by virtue of the staute giving a vendor a lien for purchase money, said plaintiff, Emily Southard, has a valid lien upon the premises in controversy, which is superior to any lien or claim of any of the defendants hereto." And states further conclusions of law as follows: "(1) That the plaintiff, Emily Southard, has a lien upon the premises in controversy superior to any claim of the defendants for the amount due upon the purchase price of said premises and the interest thereon, and the amount of taxes and interest on the same, as set forth in findings of fact.    (2) That the plaintiff, Emily Southard, is entitled to judgment against the said Isabella M. Smith for the sums of money so found to be due for principal and interest and taxes.    That the said plaintiff, Emily Southard, is entitled to a decree of the court foreclosing her lien against all of the defendants in said action and now defending and against all of the defendants in this action, if the same have not already been foreclosed by the sale of the said premses ordered by a former decree of the court in this action; and said plaintiff is entitled to have the premises in controversy, and described in the findings of fact herein, sold, according to the rules and practice of this court, and the statute regulating the sale of real estate on execution." These findings of fact and conclusions of law were adopted by the court, and a judgment and decree thereupon rendered for the plaintiff, Emily Southard.

Respondent makes the objection that exceptions were not duly taken to the findings of fact; but, in the view we take of the case, this question does not become material, as the appeal will be disposed of upon the theory that the only question presented is one of law as to the effect to be given to the judgments in the actions of W. & A. McArthur and the St. Croix Lumber Company to foreclose their liens, under the mechanic's lien law, and in which Emily Southard, the plaintiff in this action, was made a defendant. The referee, in his conclusions of law, and the court, in its judgment, have, in effect, entirely ignored these judgments in the actions of W. & A. McArthur and the St. Croix Lumber Company, and treated them as in no manner affecting the plaintiff's right to recover in this action. Undoubtedly, the referee's conclusions of law would be correct, under the decisions of this court in Pinkerton v. LeBeau, 3 S. D. 440, 54 N. W. 97, if his views are correct as to the judgments referred to. We shall assume that the rules applicable to the foreclosure of mortgages, and as to the effect of making prior or adverse claimants parties, are applicable to foreclosure of liens under the mechanic's lien laws of this state, as the positions of such mortgagee and a lien holder are very much the same. Neither can, save in exceptional cases, by their foreclosure proceedings, affect the rights of prior parties, where such prior parties take the proper steps to protect their rights. But, while such prior and adverse claimants are neither necessary nor proper parties, yet, if they are made such, and fail to so plead as to protect their rights, their claims may be cut off by the judgment in such action. As a general rule, courts of equity will not undertake, in a foreclosure action, to determine the validity of a prior mortgage or prior adverse title; and where a party who claims under such a prior mortgage or prior adverse title presents that fact to the court under a proper answer or plea, the action should, on demand, be dismissed as to such party. Hefner v. Insurance Co., 123 U. S. 747, 8 Sup. Ct. 337; Wilts. Mortg. Forec. §§ 420, 421. In the late revision of that

work, the learned author says; in Sec. 420: "The only questions that can be determined concerning the title upon the foreclosure of a mortgage are such as effect the equity of redemption. The plaintiff has no right to make a third person, who claims an adverse title, not derived from either the mortgagor or the mortgagee, and who cannot be affected by the judgment, a defendant for the purpose of litigating his claim to a paramount title." But, in Sec. 421, the same author says: "But where a person claiming a paramount title is made a party to a foreclosure, under an allegation that he claims an estate in, title to, or lien upon the property mortgaged subsequent to the plaintiff's mortgage, and such party answers by filing a general denial, the decree will be binding on him, if a judgment is rendered against all the defendants, foreclosing their equity of redemption, and he will not be again entitled to litigate matters which he could have set up in the foreclosure. * * * But where a party, who is made a defendant as a subsequent incumbrancer or purchaser, sets up in his answer a claim of title prior to the mortgage, such title cannot be properly investigated; and the complaint of the plaintiff should be dismissed as to such defendant, unless the plaintiff is prepared to prove that such claim in fact arose subsequent to the mortgage. Where this is not done, and a judgment in the usual form is entered against all the defendants, it will not bind his prior interest, and will be reversed on appeal, even though made after hearing on the pleadings and proofs, because there can be no foundation in the complaint for a decree upon a question of paramount title." Helck v. Reinheimer, 105 N. Y. 470, 12 N. E. 37; Wolfinger v. Betz, 66 Iowa, 594, 24 N. W. 228, was an action to foreclose a mortgage. Betz defended upon the ground that he had foreclosed a mortgage in which he had, in his complaint, alleged that Martin Groshaus, the plaintiff's intestate, and others named, "have or claim to have an interest or lien in and to the property, * * * but that the interest or lien of defendants, if any such exists, is inferior, subsequent, or junior

to that of the plaintiff's mortgage." Martin Groshaus, though properly served with process, failed to appear and answer, and a decree was rendered for plaintiff, Betz. Betz became a purchaser of the property. In the opinion the court says: "But, in the view we take of the case, it is not necessary to consider these questions, as we are compelled to conclude that Groshaus' administrator is estopped by the prior adjudication in the action brought by Betz. Groshaus' rights were directly put in issue in this case. He had an opportunity, and was called on to establish his rights, if he had any; and by the default he admitted that they were inferior to the mortgage of Betz. It is a familiar rule that a party cannot relitigate matters which he could have set up in a prior action, but which he failed to do. Hempstead v. City of Des Moines, 63 Iowa 36, 18 N. W. 676; Mally v. Mally, 53 Iowa, 654, 3 N. W. 670; Newby v. Caldwell, 54 Iowa, 102, 6 N. W. 154; Bank v. Stevens, 46 Iowa, 429; Painter v. Hogue, 48 Iowa, 426; Patton v. Loughridge, 49 Iowa, 218; Hackworth v. Zollars, 30 Iowa, 433."

With these preliminary observations as to the law applicable to this case, we proceed to an examination of the pleadings and decree in the case of W. & A. McArthur v. Isabella M. Smith *et al*, in which Emily Southard, the present plaintiff, was made a party defendant. As before stated, in the complaint in that action it was alleged, in terms, that "the defendant Emily Southard * * * has or claims some interest in the land upon which said building stands, but she has no claim prior or superior to that of the plaintiffs." She is thus distinctly notified that the plaintiffs claim that their lien is prior or superior to her interest in the land. She was therefore called upon to assert her paramount title, if she deemed it to be superior to that of the plaintiff's lien. But she failed to assert such paramount title, or set up her prior title to the property, and to ask for a dismissal of the action as to her, and she failed to even deny that the lien of the plaintiffs was not prior or superior to her interest in the land. But, on the contrary, she joined Isa-

Feb., 1896.      Opinion of the Court—CORSON, P. J.

bella M. Smith in denying any indebtedness to the plaintiffs, admitted the allegations of the plaintiffs that she had no claim prior or superior to that of plaintiffs, and, with Isabella M. Smith, demands, as a relief, a decree adjudging plaintiff's lien to be a cloud upon defendant's title, and that the same be cancelled.   Upon a trial by a jury all the issues were found in favor of the plaintiffs, and a decree was thereupon entered, in which it is ordered and decreed "that the defendants, and all persons claiming under them, or either of them,   *   *   *   be forever barred and foreclosed of all right, title, interest and equity of redemption in and to said premises."   From this decree no appeal was taken, and the judgment stood in full force and effect when the present action was tried.   The court had jurisdiction both of the subject matter and of the person of Emily Southard, and full power and authority to make the decree.   Under this decree the property was regularly sold, and a sheriff's deed executed, and, there being no redemption by the said Isabella M. Smith or Emily Southard, the title became absolute in the purchaser, and was vested in the appellant, Judd.   It is contended by the respondent that the premises were not decreed to be sold, but only the right, title and interest of Isabella M. Smith in the premises.   This is, however, the usual form of a decree in foreclosure cases, whether of mortgage lien or of mechanics' lien.   It was alleged in the complaint in that action, that Isabella M. Smith was the owner of the premises by virtue of the land contract, and this she admits in her answer.   Emily Southard, when called upon in this action, makes no denial of the alleged fact, but admits it, in effect, by admitting that the plaintiff's lien was "superior and prior" to that which she claimed; and her right, title and interest in the premises were forever barred by the decree.   We are, therefore, reluctantly forced to the conclusion that Emily Southard's interest in this property was divested by these proceedings, as against persons claiming under that decree.   We can discover no principle of law which would

preclude this decree from being a complete bar, as against the plaintiff, Emily Southard, in this action, unless we take from the judgments of courts the sanctity with which the law has clothed them. Having arrived at the foregoing conclusions we do not deem it necessary to discuss the effect of the foreclosure proceedings in the action of the St. Croix Lumber Company v. Isabella M. Smith *et al*, in which the said Emily Southard was made a party defendant. If the effect of the foreclosure proceedings in the McArthur suit was to divest the said Emily Southard of her paramount title, as against parties claiming under the decree in that case, it necessarily follows that the decree in the case at bar must be reversed; and it is so ordered. and a new trial is granted,